United States District Court
Western District of Texas
San Antonio Division

Rogelio Barron and Maria Barron,
Individually and On Behalf of Anthony
Barron
    Plaintiff,

v.

United States of America
    Defendant.

No. 5:18-CV-001184-DAE

**Defendant's First Amended Designation of Potential Witnesses, Testifying Experts, Expert Reports and Proposed Exhibits**

Defendant designates potential witnesses, testifying experts, non-testifying experts, expert reports and proposed exhibits pursuant to Fed. R. Civ. P. 26(a)(2)(B) as follows:

**I.  Defendant's List of Potential Fact Witnesses**

Defendant hereby designates as persons with knowledge, the drivers, the first responders, law enforcement personnel, witnesses, subsequent United States Air Force employees, health care providers referenced in the health care records of Anthony Barron, including physicians, nurse practitioners, nurses, radiologists, physician's assistants, medical technicians, physical therapists, clinics, hospitals, pharmacies, any other medical providers and their agents, representatives and other persons with potentially relevant knowledge.  This listing would also include everyone who has already been deposed in this case who saw the actually incident and who has relevant knowledge about the incident in question and all individuals who has been identified in response to discovery requests and produced documentation.   To the extent it is necessary to call live at trial or by deposition in this cause any agents, representatives, employees and/or custodian of records for any of the following first responders, health care providers, Air Force employees, eyewitnesses and others, Defendant identifies such custodian as a person who may have factual

knowledge regarding issues related to the incident in question to include personal knowledge of the records. For the writings of each medical or other fact witness, you will find them in the relevant medical records or other documents that have been produced during the course of this ongoing discovery. Persons identified with relevant knowledge are, but not limited to:

1. Rogelio Barron
   c/o Jay L. Winckler
   Winckler, & Harvey, L.L.P.
   4407 Bee Caves Road, Bldg. 2, Suite 222
   Austin, Texas 78746

   Plaintiff, father of the deceased Anthony Barron.

2. Maria Barron
   c/o Jay L. Winckler
   Winckler, & Harvey, L.L.P.
   4407 Bee Caves Road, Bldg. 2, Suite 222
   Austin, Texas 78746

   Plaintiff, mother of the deceased Anthony Barron.

3. Archie Lee Cooper, III
   321 Brook Way
   Cibolo, Texas, 78108
   c/o Counsel for Defendant

   Joint Base San Antonio Game Warden, Conservation Officer

4. Wayne Lorenzo Evans
   7711 Clear Ridge Drive
   San Antonio, Texas 78239
   c/o Counsel for Defendant

   Range Technician, United States Air Force-now retired.

5. Thomas Gaffney
   208 Whispering Oaks
   San Antonio, Texas 78230
   c/o Counsel of Defendant

   Retired-Fire Station Chief, Joint Base San Antonio-who was at Camp Bullis on day of incident.-now retired.

**Designation of Potential Witnesses**                                                                 **2**

6. Tracy Goodlow
   513 Roadrunner Ave
   New Braunfels, Texas 78130
   c/o Counsel for Defendant

   Security Forces Officer, United States Air Force

7. Martin L. Ingleston, II
   1661 State Highway 173 South
   Devine, Texas 78016
   c/o Counsel for Defendant

   Ground maintenance and Tractor Operator at Camp Bullis, Non Appropriated Funds

8. Jarvis T. Rodgers, Sr.
   2043 Western Pecan
   New Braunfels, Texas 78120
   c/o Counsel for Defendant

   Security Forces Officer, United States Air Force

9. Daniel Wilson
   11722 South Vine St.
   Jinx, Oklahoma 74037
   c/o Counsel for Defendant

   Hunter at Camp Bullis on October 30, 2015

10. Vincent Yuille
    Range Operations (Bldg 6110)
    21161 Camp Bullis Road,
    Camp Bullis, Texas 78257-9729
    c/o Counsel for Defendant

    Knowledge of Camp Bullis

11. Joe Arellano-Meteorologist-in-Charge
    National Weather Service
    2090 Airport Road,
    New Braunfels, Texas 78130
    c/o Counsel for Defendant

    Meteorologist

12. Paul Yura
    National Weather Service

**Designation of Potential Witnesses**                                                    3

    2090 Airport Road,
New Braunfels, Texas 78130
c/o Counsel for Defendant

    Meteorologist

13. Forrest Hughes
Custodian of Records for Service Contracts at Joint Base San Antonio
502 2nd Civil Engineering Squadron
1555 Gott St. (Bldg. 5595)
Camp Bullis, Texas 78257-9729
c/o Counsel for Defendant

    Knowledge of Contracts

14. James H. Graham
902nd Civil Engineer Squadron
1651 5th Street, Hangar 62
JBSA-Randolph, Texas 78150
c/o Counsel for Defendant

    Director of the 902nd Civil Engineering Squadron (902 CES), and senior civil engineering representative at Camp Bullis on October 30, 2015

15. Steven Gonzales
Address currently unknown
c/o Counsel for Defendant

    Knowledge on Range Operations who was working at Camp Bullis on October 30, 2015

16. Jerry Rangel, Manager
TDRI
Camp Bullis location
San Antonio, Texas
c/o Counsel for Defendant

    He was manager at Training, Rehabilitation and Development Institute employee at Camp Bullis. He has left their employment. His whereabouts are currently unknown.

17. Chris Guerrero
Address currently unknown
c/o Counsel for Defendant

He was at Camp Bullis around the time frame in question and may have some knowledge regarding the white vehicle. His current whereabouts are uncertain and may have been a range control technician.

18. Donne Karandang
    Address currently unknown
    c/o Counsel for Defendant

    Former employee of TRDI and friend of the deceased Anthony Barron who may have been called when these events in question were transpiring.

19. Randall L. Lierly
    Air Force Civil Engineer Center (AFCEC)
    c/o Counsel for Defendant

    Architect of the Air Force with knowledge regarding signage on military bases and the incorporation of the MUTCD into military signage standards

20. T-Mobile
    Custodian of Records
    4 Sylvan Way
    Parsippany, New Jersey 07054
    c/o Counsel for Defendant

    Knowledge of cellular telephone usage of the deceased Anthony Barron on October 30, 2015

21. National Weather Service
    Custodian of Records
    1325 East West Highway
    Silver Spring, Maryland 20910
    c/o Counsel for Defendant

    Knowledge of weather conditions on October 30, 2015

22. National Weather Service Austin/San Antonio, TX
    Custodian of Records
    2090 Airport Road
    New Braunfels, Texas 78130
    c/o Counsel for Defendant

    Knowledge of weather conditions on October 30, 2015

23. Training, Rehabilitation and Development Institute
    Custodian of Records
    425 Soledad, Suite 800

**Designation of Potential Witnesses**                                                                 5

San Antonio, Texas 78205
c/o Counsel for Defendant

Knowledge of employment records of the deceased Anthony Barron

24. Any and all management officials or corporate officers,
Training, Rehabilitation and Development Institute
425 Soledad, Suite 800
San Antonio, Texas 78205
c/o Counsel for Defendant

Knowledge of policies, procedures and communications of the company.  Names are becoming known as discovery is continuing at Camp Bullis and/or corporate offices.

25. San Antonio River Authority
Custodian of Records
100 E. Guenther Street
San Antonio, Texas 78204
c/o Counsel for Defendant

May have relevant information about earthen dams, structures, flow rates, surface drainage, flooding events, or other such data related to streams, creeks, rivers, lakes or ponds.

26. Google Maps
Custodian of Records
1600 Amphitheatre Parkway
Mountain View, California 94043
c/o Counsel for Defendant

Knowledge of Camp Bullis GOOGLE MAPS pictures.

27. Custodian of records for the United States Geological Society
5563 DeZavala
San Antonio, Texas 78249
c/o Counsel for Defendant

Knowledge of surface water drainage, flow rate or other surface, underground, sub-surface or weather statistical information

28. Chief Ruggs-retired
Address is currently unknown
c/o Counsel for Defendant

Retired Chief Ruggs was on the shift prior to the start of Thomas Gaffney's fire department shift according to deposition testimony of Gaffney.

29. Any Officer of the Special Investigations mentioned in individual reports, logs or documents
    6457 Camp Bullis Road
    San Antonio, Texas 78257
    c/o Counsel for Defendant

    Knowledge of events on October 30, 2015.

30. Any and all Security Forces Officers mentioned in any radio communications, logs or other documents working during October 30, 2015.
    6457 Camp Bullis Road
    San Antonio, Texas 78257
    c/o Counsel for Defendant

    Knowledge of events on October 30, 2015.

31. Bexar County Board of Medical Examiners
    Custodian of Records
    7337 Louis Pasteur Drive
    San Antonio, Texas 78227
    c/o Counsel for Defendant

    Autopsy report and any and all photos.

## II. Testifying Experts

1. **John D. Lavin, CCM, Meteorologist**
   100 N. Broadway, Suite 750
   Wichita, KS  67202

John Lavin's expert opinions are based on his skill, knowledge, experience, training and education. His written expert opinion is attached as **Exhibit A**[1], and should be considered to be incorporated herein as if copied verbatim. John Lavin may also offer additional criticisms to Plaintiffs' expert after reviewing his deposition and/or trial testimony. His curriculum vitae and

---

[1] A copy of all exhibits referenced herein are being provided via certified mail, as further indicated in the certificate of service, and are not being filed with the Court. Defendant may make these available to the Court upon request.

testimonial history is attached as **Exhibit B.**  John Lavin is being compensated at the rate of $390.00 per hour for file review, attendance at deposition, and attendance at trial.

This expert reserves the right to modify or change his expert opinion as more information becomes available in this case and to rebut any comments the plaintiffs' experts might make that exceed the bounds of his comments to date.

### III. Non-Retained Experts

1. **Jason W. Cowin, P.E., Civil Engineer**
   1 Soldier Way
   Scott AFB, IL  62225-5006

Jason Cowin's expert opinions are based on his skill, knowledge, experience, training and education.  His written expert opinion is attached as **Exhibit C**, and should be considered to be incorporated herein as if copied verbatim. Jason Cowin may also offer additional criticisms to Plaintiffs' expert after reviewing his deposition and/or trial testimony.  His curriculum vitae and testimonial history is attached as **Exhibit D.**  Jason Cowin is not being compensated for file review, attendance at deposition, and attendance at trial.

This expert reserves the right to modify or change his expert opinion as more information becomes available in this case and to rebut any comments the plaintiffs' experts might make that exceed the bounds of his comments to date.

2. **Charles A. Ishee, Ph.D., P.E.**
   139 Barnes Drive, Suite 1
   Tyndall Air Force Base, Florida 32403

Charles Ishee's expert opinions are based on his skill, knowledge, experience, training and education.  His written expert opinion is attached as **Exhibit E**, and should be considered to be incorporated herein as if copied verbatim.  Charles Ishee may also offer additional criticisms to Plaintiffs' expert after reviewing his deposition and/or trial testimony.  His curriculum vitae and

testimonial history is attached as **Exhibit F.** Charles Ishee is not being compensated for file review, attendance at deposition, and attendance at trial.

This expert reserves the right to modify or change his expert opinion as more information becomes available in this case and to rebut any comments the plaintiffs' experts might make that exceed the bounds of his comments to date.

   **3. Randall L. Lierly, Registered Architect**
   Architect of the Air Force
   Technical Services Division
   Facilities Engineering Directorate
   Air Force Civil Engineer Center (AFCEC)
   randall.lierly@us.af.mil

Randall Lierly will offer opinions and expert testimony regarding signage on military bases and the incorporation of the MUTCD into military signage standards. He is expected to offer additional opinions regarding Unified Facilities Criteria, Design: Sign Standards, standards for effective sign programs on military installations, including the reduction of the number of signs on each installation to the absolute minimum required, and the incorporation of the MUTCD into those standards. He is further expected to opine that MUTCD rules and regulations governing warning signage related to flooding risk are discretionary.

Randall Lierly may also offer additional criticisms to Plaintiffs' expert after reviewing his deposition and/or trial testimony. Randall Lierly is not being compensated for file review, attendance at deposition, and attendance at trial.

This expert reserves the right to modify or change his expert opinion as more information becomes available in this case and to rebut any comments the plaintiffs' experts might make that exceed the bounds of his comments to date.

**IV. Cross Designation of Testifying Expert**

**Designation of Potential Witnesses** 9

Without vouching for the credibility, reliability or accuracy of any of Plaintiffs' designated experts, the Defendant reserves the right to cross-designate any and/or all of Plaintiffs' expert witnesses to elicit relevant opinions as to whether or not their opinions are supportable or insupportable based on peer reviewed literature and other areas of interest.

## V. Potential Exhibits

1. All exhibits anticipated to be attached to Plaintiffs' expert depositions;
2. All exhibits attached to Defendant's expert reports and/or depositions;
3. All records of any type produced by the Defendant United States of America during the discovery process to all forms of discovery;
4. Any weather records of any type produced by the United States;
5. Any and all codes, statutes, guidance or other materials produced by the United States relevant to this incident forming the basis of this lawsuit;
6. All photographs, visual images , videotapes, digital recordings, maps, drawings, sketches of any type reflecting Camp Bullis, its surrounding areas and the areas at question in this case;
7. All depositions and any exhibits attached to those depositions that would be relevant.
8. Tax records, employment earnings statements, and other such records;
9. There may be medical and/or medical examiner records that may be relevant.
10. Further, there may be demonstrative evidence used during the trial to explain certain measurements and lays out of the area in question.
11. Additional exhibits are anticipated as discovery continues and are expected to be added to supplement or amend the following exhibit list.

Furthermore, Defendant may rely and/or produce any documents provided by Complainant and/or produced at the deposition of any and all witnesses to this case.

Defendant reserves the right to elicit the expert opinion testimony of any expert regarding the decedent or the plaintiffs.

Defendant reserves the right to elicit opinion testimony from Plaintiffs.  Without attesting to their credibility or expertise, Defendant reserves the right to elicit and use expert testimony, if any, from Plaintiffs and/or any of the experts designated in their responses to discovery.

Defendant reserves the right to elicit opinion testimony expressed live or in deposition testimony taken prior to trial or contained in affidavits on file in this case.

Defendant reserves the right to elicit the opinion testimony from experts designated by other parties in this lawsuit.  In the event a present or future party designated an expert, but the party is dismissed for any reason from this suit or fails to call any designated expert, Defendant reserves the right to call any such expert designated by any party.

Defendant reserves the right to withdraw the designation of any expert and to re-designate the witness as a consulting expert who cannot be called by opposing counsel.

Defendant reserves the right to supplement this designation with additional designation of experts within the time limits imposed or allowed by the Court or any alterations by subsequent court or agreement of the parties, or pursuant to the Federal Rules of Civil Procedure or the Federal Rules of Civil Evidence.

Defendant's Designation of Potential Witnesses, Testifying Experts, Non-Testifying Experts, Expert Reports and Proposed Exhibits is supplemental to all discovery disclosures and to requests seeking information regarding Defendant's potential witnesses, expert witnesses, testifying experts, expert reports and proposed exhibits.

**Designation of Potential Witnesses**                                                                                              **11**

        Respectfully submitted,

        John F. Bash
        United States Attorney

By: */s/ James F. Gilligan*
        James F. Gilligan
        Assistant United States Attorney
        Texas Bar No. 07941200
        Faith Johnson Lowry
        Assistant United States Attorney
        Texas Bar No. 24099560
        601 N.W. Loop 410, Suite 600
        San Antonio, Texas  78216
        (210) 384-7345 (phone)
        (210) 384-7312 (fax)
        jim.gilligan@usdoj.gov
        faith.johnson@usdoj.gov
        Attorneys for Defendant

**Certificate of Service**

      I certify that on May 29, 2020, I electronically filed this document with the Clerk of Court using the CM/ECF system.

☒  The CM/ECF system will send notification to the following CM/ECF participant(s):

          Jay Winckler (jwinckler@wincklerharvey.com)
          Sean McConnell (smcconnell@wincklerharvey.com)

☒  I also certify that I have mailed this document and exhibits by United States Postal Service certified mail to the following:

          Sean McConnell
          Jay Winckler

          Winckler & Harvey, L.L.P
          4407 Bee Cave Road, Building 2, Ste. 222
          Austin, Texas 78746

          */s/ James F. Gilligan*
          James F. Gilligan
          Assistant United States Attorney